May it please the court. My name is Roger Mandel and I represent the appellant Kenneth Graham and if possible I'd like to reserve five minutes for rebuttal. Due to time limitations and subject to other questions by the court I'd like to make one argument today as to why the district court erred in holding that the Arkansas savings statute kept the Stonebridge policy purportedly covering Mr. Graham from being void ab initio and one argument as to how the district court erred in dismissing based on limitations. As regards this savings statute which is Arkansas code annotated section 2379.118 its plain and unambiguous language does not save the Stonebridge policy from invalidity. It merely provides that and I quote an insurance policy issued and otherwise valid that contains any condition or provision not in compliance with state law is not rendered invalid. It does not render valid insurance policies that violate Arkansas law in other manners and the Stonebridge policy does not violate Arkansas law because it contains an illegal or illegal condition or provision so the saving statute simply did not apply. I have to I have to tell you Mr. Mandel your argument sort of turns the whole statute on its head. I can't imagine the Arkansas Supreme Court is going to say to an insured who's paid 20 years of premiums that because this policy was never invalidly it was was was invalid that you can you can collect nothing on the policy that's it's meant to design to protect your clients not I know it's not designed to protect the insurance company they're using it as a sword but it just seems like this is not the way the Missouri Arkansas Supreme Court would look at this case. Well let me point your honor to the united order of good samaritan case decided by the Arkansas Supreme Court in 1922 and you can find it at 244 southwest 439 and the court said there and I quote the general rule is that if a statute prohibits a corporation from making a close quote and then it held specifically like our case that an insurance policy issued to a policyholder ineligible to receive coverage under an Arkansas statute is void ab initio as against public policy and it said that's true even where the violated statute itself does not express a gaming principle case I'm sorry was that a gaming principle no it's insurance policyholder case no insurable interest no no no it was a member of it was a group policy issue to a fraternal organization and the statute in Arkansas said you could only be a member and thus eligible for the group policy if you join between the ages of 16 and 70 and this what's the name of that again that is the united order of good samaritans case which is found at 240 I don't see it cited in your brief it's in the reply brief your honor and in that case the court held and this was a claim by the insured seeking coverage his wife actually after he passed away and they said that because he was ineligible to be a member of the fraternal order and thus ineligible to get the group coverage offered by the fraternal order that he could not recover under the policy so that's a case where the Arkansas Supreme Court specifically said that at common law that even an insured could not recover and and even though the statute violated itself did not provide invalidity as a provision but that's because the insured was not was not eligible I mean if you had if you if you have a statute in Arkansas says you have to register with the secretary of state they issued a policy you issue a policy you're not registered with the secretary of state and you pay premiums for 20 years and the person dies I don't think the insurance company can then come in and say well we were net we we weren't registered sorry Mr. insured or Mrs. insured you don't get the $100,000 maybe you get your 10,000 premiums back well your honor two responses that okay I don't I think that's not what the Arkansas statute would ever say well your your honor the Arkansas statute I think was clearly aimed to to at that unfairness but the Arkansas statute unlike some other state statutes is limited in its application it only is where they policy the the insurance policy is illegal because it contains an illegal condition or provision other states simply say there's for example North Carolina says if you violate the insurance statutes in any manner the policy still remains valid the Arkansas legislature didn't go that far it said that the saving statute applies and changes this common law rule set out by the Arkansas Supreme Court in 1922 if you have a that's illegal because it contains an illegal condition or provision now in this case the illegality is that it was not issued to an eligible policy holder as well as not being filed and approved for the Department of Insurance and in no way shape or form can one reasonably argue that issuing it to an ineligible policy holder is a condition or a provision contained in the policy so the plain and unambiguous you can argue that but it's not plain and unambiguous to me well your honor I don't have any cases that go there well your honor who the policy is issued to and whether it's approved by the state board of insurance cannot conceivably be a that particular circumstance and I don't see any way without torturing the English lawyers can't say can't inconceivable all the time when it is quite conceivable well your honor you would have to explain to me how that how the issuance to a non-eligible condition can written in a statute written almost 100 years ago can't possibly mean a term of term of the policy or you know or cannot mean eligibility no your honor because that who it's issued to and whether it was approved is not something contained in the policy and it's not a condition or a provision it's usually right there in the deck page that a condition is something that limits the obligation of the of the insurer by saying that a condition something an event has to occur or that the policy I just I just don't think Arkansas would say under the Arkansas statute a policy has to be registered with the with the insurance commissioner right that's one of the two and you're saying that it wasn't registered therefore it's void but that's I can't I can't believe that every policy that may not have been issued or not or may have been issued without being registered with the insurance commissioner that they would say those are void and after you've paid your premiums for 15 or 20 years you get no coverage well your honor two things number one our main argument is it was issued to an ineligible policy holder that it was not issued to an eligible group or blanket under the group and blanket insurance policies and those those provisions have important purposes beyond purposes which is that when I'm doing group insurance we want to make sure that it's a group that has an interest in actually vetting the insurance policy and making sure that's a whole different argument it doesn't make this person ineligible I mean this I understand your argument that this was a made-up group but because it was made up everybody's eligible to be in it right no your honor if there's not a group the policy is illegal and void at the policy is illegal but let me make the let's let's go beyond that for a second let's assume that we don't agree with the argument do you have any other argument of how he was damaged assuming this policy was in fact number one your honor we would also argue that the policy as you point out it was designed to protect insurers and that it should not be construed to affect to protect insurers who are being subject to a claim francis had protected the insurer it protected the insurer but well okay so your categorical argument is is refuted by the only arkansas opinion that was to protect the insured in this case we're talking about protecting the insurer is how they're trying to use it is to protect the insurer only as you only as you've structured your claim well if if this was if this was a suit for benefits on a claim denied well your honor then the then the saving statute would be would protect the insured two things your honor one unfortunately that is the law in in arkansas right now but but what is the law that and if you don't fall on the savings in statute which this particular instance doesn't that an insured cannot make a claim but we have the additional argument that this statute should not be construed in favor of the insurer to prevent a refund policy at common law in in a number of other states before the issuance of saving statutes what they did was say yes the policy is illegal uh ab initio but we're going to say by a stopple that an insured an insurer who issues an illegal policy cannot deny coverage to the insured but they did not apply that estoppel effect in reverse to prevent a insured who says it was an illegal policy and i want my premiums back from recovering so by in this particular suit where we're seeking a recovery of premiums then this statute should not apply because its intent is to protect insureds not insurers in other words other states have i understand your argument what i'm asking though is is there anything short of an all or nothing in this case that you're arguing do you you you've made all kinds of allegations that besides the fact it was illegally issued that it was a bad policy it was tantamount to a fraud but you don't actually ever say as i'm trying what i'm trying to figure out is where does that get you assuming let's assume that the savings cause applies where where does the fact that it's a bad policy get you well it's it's not that a bad policy it's that we have we had misrepresentation claims that are not based upon illegality and voidness we argued that it was misleading about the coverage that it claimed it was going to give you a million dollars of disability coverage period and then in fact what it gave you was coverage only in incredibly limited circumstances we also claim that there was a misrepresentation that we will pay covered claims and in fact they had a an unstated policy by whom by the and you can't have an unjust enrichment seems to me it fails automatically if the policy is not void and and why do we have only stonebridge left what's what's the fraud claim with respect to stonebridge well we're arguing that that that we can base unjust enrichment on the fact that they made misrepresentations regarding the policy coverage so what we got was a policy that was worth less than what was represented to us and worth less than the premiums and that okay so i guess the fault once you talk is who made the misrepresentations how were they made and where were they made what there was what what did we look at to say you you represented a million dollars in coverage but you only gave us 50 000 where do we look to see that who made that representation your honor in the first amendment complaint what will you argue is that there was a conspiracy among stonebridge and catamaran who was the main marketing agent and that that collectively that they sent out uh pre um both pre and post coverage documentation representing that there was disability coverage but million dollars in disability coverage but in fact what was received under the stonebridge policy was a virtually worthless coverage because of the number of restrictions on coverage and the number of exclusions we also argue that implicit in in in all of the representations all those documents are in the record so we can go and look and see what to represent what that what was represented the the the allegations are in the first amendment complaint in some cases the allegations are stated without attaching exhibit in some cases there are exhibits attached to the first amendment complaint but then there's also the implicit representation that we're going to inherent in issuing the coverage that we're going to pay covered claims and we allege that they had a systematic policy and practice of denying every claim and forcing people to file lawsuits in order to get coverage and obviously a there's a vast difference in value between a policy which will pay a covered claim appropriately and one that you can never recover on unless you file a lawsuit in order to enforce it in fact i would suggest that nobody would pay a premium for a policy that won't pay unless you have to unless you sue the um uh unless you have to sue the insurance policy and so is this a class a purported class action yes your honor well mr graham wouldn't be in that last point you mentioned he never made a claim never had a claim your honor not a member of that of the of the class you just described no your honor we're not claiming that he was injured by having a claim denied we're claiming that he is injured by having he paid premiums for insurance policy that wasn't worth what he paid because a policy that if you made a claim you would have you they wouldn't pay it and you would have to sue it is worth less than one that an that an insurer would would honor if there was a valid claim it's a matter of the worth of the policy best case from another jurisdiction on this i mean these these issues have been going on all over the country i guess you've done a lot of them and what's your best what's your favorite case from another jurisdiction um your honor i i would have to say that um we cited some we cited some cases um from uh new york and one from north carolina in our original brief the richardson case from from uh north carolina and the posner case from new york which sort of established this principle that these statutes and the common law before the statute were to protect the insured and not the insurer and that the insurer essentially the insured had the right to either well you made the argument i just asked you for sites how about your how about your other unjust enrichment and fraud and conspiracy to issue worthless policies for which you'll never accept the claim um i i don't have a specific case to cite you on that that's just sort of the general principles of of those allegations have been made i read i read what's the louisiana case in eastern district of louisiana the watson case yes that went through all the issues we've discussed this morning and more right and i think that that's an important distinction between that case the watson case their saving statute had a paragraph a which was basically the same as the arkansas up is there any contra watson case on these issues other than saving there's not a directly contrary case to watson but we believe it's distinguishable mr clark good morning and may it please the court my name is stephen clark represent transamerica life insurance company which at the time this lawsuit was filed was known as stonebridge life insurance company um i actually want to start right where judge of cases statewide class actions around the country in all the cases that have proceeded to a judgment on a motion to dismiss or on a motion for summary judgment the district court that has decided the case has rejected the plaintiff's argument that they have viable standing or that these policies are invalid for the very same allegations that were alleged in this case my understanding from reading their reply is that their conversion claim has been abandoned so i want to focus on those main issues that have been addressed in all the other cases and by the way we're not talking about you know some kind of mix in the case law where some courts went one way on this issue and some courts on the other way i mean we're talking about a number of watson case and they all uniformly hold that for uh as i said for standing reasons and for validity reasons that these claims cannot proceed now just to set the stage for purposes this is here on motion to dismiss so under for purposes of motion dismissed we have to accept the plaintiff's allegations that the policies were invalidly issued is that correct well we you may disagree but their that their claim they were issued in violation of arkansas law yes so we we have to accept the allegation that they were issued in violation of arkansas law we do not accept the allegation that as a result that meant that the policies were in invalid and unenforceable i understand that so and in fact are you have you paid claims under arkansas yes although because we're on a motion to dismiss that's not in the record uh nationwide stonebridge has paid millions of dollars in claims in this lawsuit but as i said i'm not i'm not sure that's that's relevant to what we're talking so it's an invalid policy but your position is that because of the saving statute you still would be obligated to pay claims pursuant to this to the policy is that right yes but i want i want to point out that the the the saving statute is um is a a separate and distinct argument from the standing argument i know but i want to make sure so so just so we're clear if if one of if a person who had one of these policies came to stonebridge today they would pay the claim assuming that they fell under the terms of the policy and you would not raise an objection that it's invalid under arkansas law we would not assuming that the claim was for an injury that under arkansas law there's a viable claim for a refund of premiums that mr graham has standing no i i i don't i can't imagine why not that standing is not it's not the equivalent of bad claim well in in this case that injury if he had if he has paid premiums that he has that arkansas law would allow him to recover he must have standing to article three standing to assert that claim none of the other cases the courts that have looked at this have decided that i don't care well because there are bad standing decisions all over the country and they continue to multiply i mean the the basic facts here he didn't have a qualifying injury he didn't make a claim for coverage i just gave you the injury well he paid he paid premiums which his attorney says under arkansas law he is entitled to recover that's monetary that's tangible well justice khalil would never say anything more is required let me let me so since the briefing has been done here you're going to continue to resist that well i actually i actually want to answer that directly and the reason why the way i want to answer directly is that since the briefing has been done there's actually been a development in the supreme court case law on standing what what they have argued basically in their reply brief is they have from uh an an injury argument into a statutory violation argument a statutory standing argument is what i'll call and in the end of the last term the supreme court in the spokio decision which you may or may not be aware doesn't address the point i'm making i've read it more than once not in the last two weeks well it's it's not it's not relevant to i mean i know i know where i can't remember even where it went but it does not relate to a claim to recover monetary injury what it does personal what it holds is that if your allegation is a statutory violation you nonetheless must show a non-speculative article three concrete risk of harm to a concrete interest and in this case that would in fact be the allegation that he was denied a claim because it was void that's not the claim i'm talking about his claim is i paid premiums and arkansas law says i should be in time entitled to recover i know the whole issue is whether that's that's the correct assertion of arkansas law it may not be plausible okay well but they're standing to assert it and if it's plausible article three is satisfied i i do not think for a windfall refund of premiums that satisfies um uh the the injury in fact requirement of article three i don't see any injury that leads to damage so every every case in every case in which a plaintiff has recovered a windfall uh the court misapplied this article three no in in in in cases involving premiums and insurance policies i'm i'm arguing that there is no connection between their refund of premiums and the injury that comes from their allegations which is the voidness of the policy but anyway let's talk about the point if arkansas didn't have a savings statute what would happen well it would the same thing that would happen in new jersey and california which are states that don't have saving statutes where those courts decided that on the basis of article three standing that they their claims as alleged did not qualify so that that's really the analysis here um in this case though there is a saving statute which i know that the parties have joined issue on and i seeing as i'm about halfway through my time i do want to get to that issue um as this court mentioned you know was discussing with opposing counsel earlier i'm not sure you even need the saving statute to challenge the voidness assertion well i'm sure policies are not typically held to be void for good reason well i i i agree with that um i i i think the plain language of the saving statute um is dispositive and i i do think that the court should analyze that because that was the district court's basis um for his opinion well what about the unjust enrichment um are what are the best cases from your perspective that would stand for the proposition that you represented one thing the insured you represented one coverage one to an insured through promotional literature as i understand their allegation is you send out promotional literature that said probably you know protect your loved ones you get a million dollars disability coverage if you're injured at work and when the in fact the policy gives them a lot less than a million and gives them a lot less than most of the injuries what where does that leave us if if in fact those allegate we accept those allegations as true that you're promoted one type of policy and issued a different type well i think the first thing to say about that is that there are no fraud or misrepresentation claims in this case um and um as as uh you question i don't think they use the word fraud but i think they did certainly talk about misrepresentations well the the basis for the unjust enrichment claim when you look at uh first amendment petition is this alleged violation of the group and health regulations and um the filing requirements so the the misrepresentations are not mentioned in the claim itself um uh the the the fraud and and misrepresentation as i said there are no claims and and you know these uh alleged other uh types of of allegations uh are also in all the other cases and they also fail for the same standing issue that we were talking about earlier which is uh and unless and until you you show some non-speculative reason for you know that these would that these policies were different than originally um um originally advertised or promoted then i don't see how you get article three standing on those either so i think those are the answers plus those allegations have not been a large part of this case um and i think they're mostly alleged in the petition i mean sorry the uh the amended complaint as a way of um as a way of hoping to establish fraudulent concealment for for statute of limitations purposes i think is the real reason for um with respect to uh the savings clause and the savings statute i i do want to mention that i i i fundamentally disagree with the other side's uh plain language argument here really what they're arguing about the statute is is they want to say that if a particular provision is contained in a policy the statute applies but if it's not if it's some kind of defect that affects the whole of the policy then the saving statute doesn't apply and and we pointed out in our briefing that uh that would violate the surplusage canon of construction because of condition or provision um their response is to is to define condition in such a way that it still creates a surplusage problem because they want to say condition means conditions of coverage but by definition that would be in a provision in the contract so their reading of the plain language would say a provision or a particular type of provision the only way to make sense of the statute is that the word condition applies to particular defects in a policy that go beyond something that is in a particular policy term or provision and that in fact is as judge logan mentioned earlier exactly uh i think the uh the conclusion that one takes from the only arkansas case that has ever even cited the saving statute which is the francis decision in that case there was a a a policy defect that affected the whole of the policy and the court applied the saving statute in that case the other thing i want to say about this is you know when we're usually um construing um statutes we should look at legislative history and intent and neither party has presented legislative history because we can't find any on this issue but the only evidence we really have of intent here is the placement of this statutory provision within the context of the arkansas insurance code which is a comprehensive regulatory statute originally enacted in 1959 so 30 years after the meekins case that they purport to rely on and the regulatory structure gives an ample enforcement arsenal to the arkansas insurance commissioner to regulate the code through fines referral criminal penalties revocation of a license to practice in the business of insurance which is certainly important to an american that does so much business in arkansas disgorgement precision so i think that the saving statute expresses the entirely reasonable policy choice that any potential violation of the kind here should be dealt with by the commissioner and not by private litigants and to that end they have the opponents of my opponents have not cited to any more recent cases than 1934 and certainly no cases in which an arkansas court has declared that an insurance policy is invalid on the alleged bases in this case and then and then obviously the the other issue in favor of our interpretation of the saving statute are the insurable interest cases pardon the insurable interest cases around the country are one place where courts have quite some enthusiasm found insurance policies to be void so why why doesn't why doesn't that analogize to this well because i think because i think that the line of cases that are more important are in fact the line of cases that we've been developing in this litigation and the three additional or four additional cases i believe on the saving statute that we presented to the court there's out of a state court out of georgia and oklahoma and federal courts the fifth circuit out of the northern district of georgia in the williams case have all looked at saving statutes that are virtually identical to the arkansas statute and support our interpretation and and more to the point you know we have a number of it you know these savings statutes proliferate around the country in various forms and and as far as i can tell there are no cases that interpret or construe these saving statutes any of them in the way that our opponents would like this court to do so i'm still in trouble sort of i guess judge back to judge maloy's question an insurance void void and induced by fraud an insurance policy induced by fraud is a claim pretty well known at common law and so i that that sort of sounds like what's alleged here how is it the district court can do away with that claim based on on its analysis that the saving statute applies well the the to recognize what is the particular alleged fraud in this case is it boils down to the regulatory violation alleged regulatory violation for group and blanket insurance policies so it's a fraud claim that is a mirror image of the register that's necessarily true and we're 12 v6 i mean the the notion that that a bunch of a bunch of questionable conspirators got together and figured out that they would package a policy so it looked like big insurance policy and then the insured get 10 cents and the bad guys would get 90 cents and they went off and sold it that way that that's that's unrelated to or not necessarily related to the core claim here well i think it is related in the sense of the the actual alleged misrepresentation has to do is it let me ask a different way was it briefed was this was this problem briefed to the district court in the rule 12 v6 briefing um yes the issue about whether these alleged uh misrepresentations um are sufficient say to to establish standing i believe were briefed in the in virginia surety's brief i believe or it may have been catarines i'm i can't can't quite remember but standing i mean if you if if you if you purchased an insurance policy that was induced by fraud you've got standing to seek what remedy the common or statutory law may afford you so once again it seems to me standings being tossed around it isn't a standing issue it's a did you do it issue assuming it was pursued and effectively in both the pleading and the briefing why doesn't that go on to the next 156 well and and and the answer the easiest answer that is the basis that the district court provided which is that the policy is valid so the the saving statute gets you there well but facially valid doesn't mean it wasn't procured by fraud well but what i was trying to explain earlier is that the actual alleged misrepresentation for the fraud is actually the allegation that it was it was purported to be a group a proper group insurance policy but it wasn't so it it it boils down to the same allegation described this morning or to some extent plant is brief but that is the way it is the the uh the hiding you know the hiding of where the money went and it didn't go to an insurer and therefore that wasn't this wasn't bona fide insurance that was sold and and that's not the allegation well they claim that's the allegation in their brief i'm looking at pages 48 and 49 they say they claim that you failed to disclose that i think it's 80 of the premiums would go to marketing expense you failed to disclose that you had no intention to pay disability claims you represented that if a person became disabled that they would get a million dollar cash free payment which they claim is false they say you represented that if an accident left you permanently disabled you get a lump sum payment of a million dollars which they claim is false and they say you represented that after 12 months of continuing their permanent disability you would receive a payment of a million dollars and they claim that's false so why is that not specific allegations of material misrepresentations now maybe none of that's false or maybe you didn't make those representations but that's what they allege for purposes of 12b6 well so as we expressed in our brief for purposes of the 80 percent or where the money went that's not a viable claim in arkansas law so there was no requirement that the insurance company disclosed that to them the the with respect to a lot of the other misrepresentations as i said earlier they boil down to well why would you not have received that insurance because it was allegedly void why because it didn't meet the group and blanket health insurance standards so they they're all reductive claims for allegations i've gone way over my time thank you very much we we provoked you it was helpful mr mandel have some time no your honor a couple of minutes something you want to clear up for us yes your honor um i i agree with the comments made about the non-illegality claims that justice malloy read out so let me go back briefly to the invalidity claims i i think this boils down to whether the court is going to enforce arkansas law as it stands but rather than as the court might think it should be and whether the court is going to actually apply the plain meaning language statute plain meaning rule as all three your honors have expressed in cases over time now the well let me say let me ask you this one of the the statute says if it's a violation if any provision or condition the policy violates arkansas law you're saying the whole policy violates arkansas law therefore that doesn't apply but almost every insurance policy and i guess i have to go i haven't we're going to have to go back and parse this one out but almost every policy has language that says we're being issued pursuant to the laws of the state of arkansas or the state of iowa the state of minnesota or whatever it might be so that's a provision right there that's being violated because the policy itself says if one of the provisions is being issued pursuant to state law well your honor incidentally that's another support for our our misrepresentation claims what you what you just stated but your honor what that may be that might be something that the saving statute would apply to but the fact that it was issued to an ineligible group or or blanket policy holder and the fact that it was not filed and approved by the department of insurance would not constitute conditions or provisions contained in the policy and i and and under the plain language rule that ends the statutory construction and i think that governs it and as far as what arkansas law would say absent the savings statute if the court will permit me i just wanted to read you one quote from that united good samaritans case from 1922 and they're they're they're siding with approval a supreme iowa supreme court case and they say quote where a mutual insurance company issues a policy which it is prohibited by law to issue the policy is illegal and void and the fact that used by the company will not stop it from pleading ultra v-rays to a suit on the policy so indeed this case has never been overruled from 1922 and whether the insurer or the insured is making a claim an illegal insurance policy i understand okay thank you your honors thank you we'll take it under advisement we'll do our best